UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK FLUGA,
      Plaintiff,

-vs.-

WELTMAN, WEINBERG & REIS, CO. OF MICHIGAN
a Michigan corporation,
      Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, MARK FLUGA, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

**VENUE**

2. The transactions and occurrences which give rise to this action occurred in Marquette County, Michigan.

3. Venue is proper in the Western District of Michigan.

## PARTIES

4. The Defendant to this lawsuit is Weltman, Weinberg & Reis, Co. of Michigan, which, upon, information and belief, is a Michigan corporation that maintains registered offices in Wayne County.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt owed by Plaintiff to Midland Funding (the "Debt") in the amount of $642.00. Mr. Fluga originally owed the alleged Debt to Credit One Bank and it was used for personal reasons.

6. On August 25, 2015, Defendant filed a Summons and Complaint against Mr. Fluga.

7. On or about October 21, 2015, Mr. Fluga called Defendant and spoke with a representative who told him that if he made a $30.00 payment that day, it would not file a Judgment against him. Mr. Fluga agreed to this and gave his checking account number and routing number to Defendant and Defendant took Plaintiff's payment of $30.00 that day. Defendant told Mr. Fluga that he owed it $611.20. During this conversation, Mr. Fluga also agreed to make the following payments to Defendant on the following dates:

   a. 11/21/15-$60.00;
   b. 12/21/15-$60.00;
   c. 1/21/16-$60.00;
   d. 2/21/16-$100.00;
   e. 3/21/16-$100.00;
   f. 4/21/16-$100.00; and
   g. 5/21/16-$101.20.

8. On November 10, 2015, contrary to the payment arrangement made between Mr. Fluga and Defendant, Defendant filed a Default Judgment against Mr. Fluga.

9. Mr. Fluga did not make any more payments to Defendant because the Default Judgment was filed against him before the second payment could be made.

10. On or about March 10, 2016, Defendant garnished Mr. Fluga's wages in the amount of $490.00.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Mr. Fluga is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when its representative told Mr. Fluga that if he made a $30.00 payment then it would not file a Judgment against him. Mr. Fluga made the payment and Defendant still filed a Judgment against him.

    b. 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt. Defendant did this when it obtained a judgment and garnished Mr. Fluga's wages

even though he made the agreed upon $30.00 payment to prevent the Judgment and set up a payment plan with Defendant.

   c. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount of legal status of any debt. Defendant did this when its representative told Mr. Fluga if he made a $30.00 payment then it would not file a Judgment against him. Mr. Fluga made the payment and Defendant still filed a Judgment against him.

16. Mr. Fluga has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.
18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
19. Mr. Fluga is a debtor as that term is defined in M.C.L. § 339.901(f).
20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when its representative told Mr. Fluga if he made a $30.00 payment then it would not

4

file a Judgment against him. Mr. Fluga made the payment and Defendant still filed a Judgment against him.

    b. MCL §339.915f(i) by misrepresenting in a communication with a debtor the legal status of a legal action being taken or threatened. Defendant did this when its representative told Mr. Fluga if he made a $30.00 payment then it would not file a Judgment against him. Mr. Fluga made the payment and Defendant still filed a Judgment against him.

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Mr. Fluga has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Mr. Fluga is a "consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when its representative told Mr. Fluga if made a $30.00 payment then it would not file a Judgment against him. Mr. Fluga made the payment and Defendant still filed a Judgment against him.

    b. MCL §445.252f(i) by misrepresenting in a communication with a debtor the legal status of a legal action being taken or threatened. Defendant did this when its representative told Mr. Fluga if he made a $30.00 payment then it would not file a Judgment against him. Mr. Fluga made the payment and Defendant still filed a Judgment against him.

    c. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mr. Fluga has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                    Respectfully submitted.

October 26, 2016        /s/ Gary Nitzkin
                              GARY D. NITZKIN (P41155)
                              TRAVIS SHACKELFORD P68710
                              MICHIGAN CONSUMER CREDIT LAWYERS
                              Attorneys for Plaintiff
                              22142 West Nine Mile Road
                              Southfield, MI 48033
                              (248) 353-2882
                              Fax (248) 353-4840
                              Email – gary@micreditlawyer.com